UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE LESTER MORRIS,

    Plaintiff,

v.

HEIDI WASHINGTON,
CARMAN MACINTIRE, and
SHERMAN CAMPBELL,

    Defendants.

_____/

Case No. 20-13268

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION FOR
IMMEDIATE RELEASE, INJUNCTIVE RELIEF [12]**

Plaintiff Dale Lester Morris, a state prisoner in the custody of the Michigan Department of Corrections ("MDOC") at the Gus Harrison Correctional Facility in Adrian, Michigan, filed this civil rights complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff brings a deliberate indifference claim, alleging in part that he contracted COVID-19 after Defendants transferred a number of inmates they knew were infected with the virus into his facility.  This case was initially referred to the Pro Se Early Mediation Program for possible resolution.  (ECF No. 4.)  Plaintiff subsequently filed the motion before the Court seeking "immediate release [and] injunctive relief."  (ECF No. 12.)  In light of this motion, the case was excluded from the mediation program and returned to the Court's docket.  (ECF No. 13.)  For the reasons set forth below, the Court now DENIES Plaintiff's motion.

Plaintiff notes that he was infected with COVID-19 twice—in May 2020 and January 2021—and is concerned he will become infected a third time.  He argues that

the MDOC's response to the pandemic has been inadequate. Plaintiff notes that he has submitted an application for a pardon or commutation of sentence to the Michigan Department of Corrections Office of the Parole Board and asks the Court to order Governor Whitmer to immediately release him.

As a general matter, release from custody is not an available remedy under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.") (citation omitted). And to the extent Plaintiff asks the Court to order Governor Whitmer to grant his request for a pardon, the Court does not have the authority to do so. *See generally People v. Freleigh*, 54 N.W.2d 599, 601 (Mich. 1952) (noting "[t]he power of pardon and commutation of sentence rests in the governor alone").

For the foregoing reasons, Plaintiff's motion is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 19, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 19, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager